UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JEFFERY L. WATTS,** <br><br> Petitioner, <br><br> vs. <br><br> **GEORGE STEVENSON,** <br><br> Respondent. | 2:21-CV-11642-TGB-PTM <br><br> **ORDER GRANTING MOTION TO STAY, HOLDING IN ABEYANCE PETITION FOR A WRIT OF HABEAS CORPUS, AND ADMINISTRATIVELY CLOSING CASE** <br> **(ECF NO. 11)** |

Petitioner Jeffery L. Watts is an inmate confined at the Macomb Correctional Facility in Lenox Township, Michigan. Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. In his pro se application, Petitioner challenges his state convictions on two counts of first-degree criminal sexual conduct, one count of unlawful imprisonment, and one count of assault by strangulation. Petitioner has filed a motion to hold the petition in abeyance to permit him to present additional claims to state courts that were not previously exhausted and were not included in his habeas petition before this Court. ECF No. 11.

For the reasons below, the Court **GRANTS** Petitioner's motion to hold the petition in abeyance. The Court **STAYS** the proceedings under the terms outlined in this Order to permit Petitioner to return to the state

courts to exhaust his additional claims. The Court will also administratively close the case.

## I. BACKGROUND

Petitioner was convicted at a bench trial in the Wayne County Circuit Court. Petitioner's convictions and sentence were affirmed on appeal. *People v. Watts*, No. 341729, 2019 WL 6045666 (Mich. Ct. App. Nov. 14, 2019); *People v. Watts*, 944 N.W.2d 700 (Mich. 2020).

On June 27, 2021, Petitioner filed a petition for writ of habeas corpus.[1] Petitioner seeks habeas relief on the claims that he raised in the state courts on his direct appeal. Respondent filed an answer to the petition and Rule 5 materials on January 21, 2022. Petitioner has now filed a motion to stay the proceedings and hold the petition in abeyance so that he can return to the state courts and exhaust additional claims not included in his original petition. ECF No. 11.

## II. LEGAL STANDARD

A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in state courts. *See Nowaczyk v. Warden, N.H. State Prison*, 299 F.3d 69, 77–79 (1st Cir. 2002) (holding that district courts should "take seriously any request for

---

[1] Under the prison mailbox rule, the Court assumes that Petitioner filed his habeas petition on June 27, 2021, the date it was signed and dated. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (explaining that the prison mailbox rule is a "relaxed filing standard" in which "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court").

a stay" where a habeas petitioner seeks to exhaust other claims in state court); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000) (confirming that district courts may "stay fully exhausted federal petitions pending exhaustion of other claims"); *see also Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (explaining that a habeas court may delay deciding a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk*, 299 F.3d at 83); *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015).

Although a district court may dismiss a fully exhausted habeas petition where unexhausted claims are pending in state court, to justify departing from the "heavy obligation to exercise jurisdiction, there must be a compelling reason to prefer a dismissal over a stay." *Nowaczyk*, 299 F.3d at 82 (citation omitted); *see also Bowling*, 246 F. App'x at 306 (holding that district court erred in dismissing petition containing only exhausted claims where the petitioner was litigating proceedings in state court because it should have retained jurisdiction).

### III. DISCUSSION

The Court **GRANTS** Petitioner's motion to hold the petition in abeyance while he returns to the state courts to litigate additional unexhausted claims. If the Court were to address the petition and deny relief before the state courts ruled on Petitioner's unexhausted claims, Petitioner "would have to clear the high hurdle of filing a second habeas

3

petition" to obtain habeas relief for the state courts' subsequent adjudication of those claims. *Thomas*, 89 F. Supp. 3d at 942 (citing 28 U.S.C.§ 2244(b)(2)). Moreover, "[i]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id*.

Other considerations also favor granting a stay. This Court cannot presently determine whether Petitioner's unexhausted claims have merit. *Id*. at 943. Accordingly, if the state courts deny post-conviction relief, this Court would benefit from the state courts' adjudication of these unexhausted claims in determining whether to permit Petitioner to amend his habeas petition to add these claims. *Id*. Finally, while this Court sees no prejudice to Respondent in staying this case, Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts." *Id*. And as previously noted, "if this Court were to rule before the state courts, [Petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his currently unexhausted claims. *Id*.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure there are no delays

4

in allowing Petitioner to exhaust state court claims, this Court will limit the time within which Petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

The Court will hold the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within ninety days of receiving this Court's Order and returning to federal court within ninety days of completing the exhaustion of state court post-conviction remedies. *See Hargrove v. Brigano*, 300 F.3d 717, 721 (6th Cir. 2002); *Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

To properly exhaust these claims in the state courts, Petitioner must first file a motion for relief from judgment with the Wayne County Circuit Court under Michigan Court Rule 6.502. *See Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009); *Mikko v. Davis*, 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). The state trial court "is authorized to appoint counsel [for Petitioner], to seek a response from the prosecutor, to expand the record, to permit oral argument, and to conduct an evidentiary hearing." *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997) (citing M.C.R. 6.505–6.507, 6.508(B)–(C)). If the state trial court denies Petitioner's motion for relief from judgment, "he may apply for leave to appeal in the Michigan Court of Appeals and in the Michigan Supreme

Court." *Id.* Indeed, to properly exhaust his state law claims, Petitioner must appeal the denial of the post-conviction motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002) ("[S]tate prisoners in Michigan must present their claims to the Michigan Court of Appeals and the Michigan Supreme Court before presenting them in a federal habeas corpus petition.").

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's motion to stay and hold his habeas petition in abeyance (ECF No. 11). Petitioner must file a motion for relief from judgment in state court within 90 days of entry of this Order and then immediately file a notice with this Court that includes proof of the state-court filing and a copy of the filing itself. If Petitioner fails to timely notify the Court that he has sought state-court post-conviction relief, the Court will proceed to adjudicate the petition as it stands. Within 90 days after the conclusion of the state-court post-conviction proceedings, Petitioner may move to amend his habeas petition to add his new claims. Otherwise, Petitioner must inform the Court that he will proceed with the petition as is.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to close this case for statistical purposes only. Nothing in this Order shall be considered a disposition of Petitioner's petition. *Thomas*, 89 F. Supp. 3d at 943–44.

**IT IS SO ORDERED.**

Dated: February 7, 2023      s/Terrence G. Berg
                                          TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE